UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID D. MARSHALL., No. 12841-026,

      Petitioner,

  v.

WARDEN, FCI MARION,

      Respondent.

Case No. 26-cv-586-JPG

**MEMORANDUM AND**
**ORDER FOR SERVICE OF PROCESS**

This matter comes before the Court on petitioner David D. Marshall's petition for a writ

of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and its supplement (Doc. 4).  The

petitioner is incarcerated at the Federal Correctional Institute at Marion, Illinois ("FCI-Marion"),

where the respondent is the warden.  The petitioner is challenging the computation of his

sentence, including whether he has been properly awarded time credits under the First Step Act

of 2018, Pub. L. 115-391, § 101, 132 Stat 5194, 5198 (2018) (codified at 18 U.S.C.

§ 3632(d)(4)).

This matter is now before the Court for preliminary review pursuant to Rule 4 of the

Federal Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides

that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of the Federal

Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other

*habeas corpus* cases.

In July 2022, the petitioner was sentenced in the United States District Court for the

Central District of Illinois to serve 180 months in prison for distribution of methamphetamine. *United States v. Marshall*, No. 21-cr-20029 (C.D. Ill.).  His sentence was later reduced to 114 months in prison.  He is currently incarcerated at FCI-Marion with a projected release date of July 15, 2028.  *See* BOP, Find an Inmate, https://www.bop.gov/ inmateloc/ (visited July 13, 2026).  He claims that the BOP has incorrectly calculated his release date because it began calculating his entitlement to FSA credits on the date he arrived at his designated institution (January 4, 2023) rather than on the date the court sentenced him (July 11, 2022).

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  This includes claims for improper sentence computation under 18 U.S.C. §§ 3584 and 3585.  *See Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018).  Thus, the petitioner's claims are properly raised in this § 2241 petition.  Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief.  Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before August 12, 2026.  This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action.  This notification must be in writing no later than 14 days after a transfer or other change

in address.  Failure to provide notice may result in dismissal of this action.  *See* Fed. R. Civ. P.

41(b).

**IT IS SO ORDERED.**
**DATED:  July 16, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**